**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JORGE ERNESTO CHICAS-POSADA, | ) | No. CV 10-9331-DMG(CW) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | FOR WRIT OF *HABEAS CORPUS* |
| v. | ) | (28 U.S.C. § 2241) |
| | ) | |
| DEP'T OF HOMELAND SECURITY, et al., | ) | |
| | ) | |
| Respondent, | ) | |

The petition is dismissed without prejudice.

**BACKGROUND**

The *pro se* petitioner submitted a petition for writ of *habeas corpus* (28 U.S.C. § 2241) which was filed on December 3, 2010. Petitioner was in the custody of the Office of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security, pending immigration removal proceedings, and the petition challenged his allegedly indefinite detention. Documents mailed by the court on January 12, 2011, to Petitioner, at his address of record, were returned, undelivered, by the post office, on January 18, 2011 (docket no. 8), with the annotation "NIC" indicating that Petitioner was no

1

longer in custody.

In a response ("Res.") filed January 7, 2011 (docket no. 6), Respondents have indicated that, on December 16, 2010, Petitioner was ordered removed from the United States, and that Petitioner waived any appeal of that decision. [Res. at 3 and Exhibit E.] If Petitioner has been removed or has been released from custody pending removal it appears that his petition, challenging indefinite detention pending a removal hearing, is now moot. In any event, Petitioner has not communicated further with the court, and the court does not have a current address for Petitioner.

**DISCUSSION**

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(dismissal for failure to prosecute); Ferdik v. Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992)(dismissal for failure to comply with any court order). In particular, this court may dismiss an action under Local Civil Rules (C.D. Cal.), Rule 41-6:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

1  See also Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)(*per*
2  *curiam*).
3      In the present action, Petitioner has failed to keep the court
4  informed of his current address, and, as a result, mail sent to him by
5  the court has been returned as undeliverable.  The time allotted under
6  Local Rule 41-6 has expired, and the court has not been notified of
7  any new address for Petitioner.
8      Furthermore, the envelopes returned in the mail and the
9  undisputed evidence provided by Respondent indicate that Petitioner is
10 no longer in custody pending a removal hearing.  Because his petition
11 only challenged his allegedly indefinite detention pending removal
12 proceedings, the petition appears to be moot.  Federal court
13 jurisdiction is limited to adjudication of actual cases and live
14 controversies.  Lewis v. Continental Bank Corp., 494 U.S. 472, 477,
15 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).  Federal courts lack
16 jurisdiction over moot questions.  North Carolina v. Rice, 404 U.S.
17 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(*per curiam*).  When a
18 federal court lacks the power to grant the relief requested, the case
19 is moot.  Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).
20 The relief sought by Petitioner was release from federal custody.
21 Because Petitioner has been released from federal custody, the court
22 lacks the power to grant the relief requested, and the case is moot.
23      Because the court does not have a current mailing address for
24 Petitioner, requiring him to respond on the issue of mootness would be
25 futile.
26 //
27 //
28 //

**ORDERS**

Accordingly, **IT IS ORDERED** that the petition for writ of *habeas corpus* is dismissed, without prejudice, for failure to comply with Local Rule 41-6 and as moot.

DATE: February 8, 2011

_____
DOLLY M. GEE
United States District Judge

Presented by:

Dated: February 7, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge